IN THE CIRCUIT COURT OF PRAIRIE COUNTY, ARKANSAS
CIVIL DIVISION

RETHA NANCE

v.  CASE NO. CV-2015-26

PRABHJOT KAUR d/b/a CROWN EXPRESS,
DAVID P. SPRINGS,
WILLIAM D. CROMER JR. d/b/a JACKSON
PIPE AND STEEL,
and DENNIS W. OWENS,

### COMPLAINT

COMES NOW the Plaintiff Retha Nance, by and through her attorney, Phil Votaw, of Phil Votaw & Associates, Attorney at Law, and for this cause of action against the Defendants Prabhjot Kaur d/b/a Crown Express, David P. Springs, William D. Cromer Jr. d/b/a Jackson Pipe and Steel, and Dennis W. Owens, states as follows:

1. That the collision, described below, occurred in Prairie County, Arkansas, and that jurisdiction and venue are proper.

2. That on July 13, 2012, in Hazen, AR on Interstate 40, Defendants, through their agents and/or employees, negligently operated their vehicles in such a reckless, careless and negligent fashion so as to cause a collision between their vehicles and that of Plaintiff's vehicle.

3. That at all relevant times herein, the Defendant Prabhjot Kaur d/b/a Crown Express was operating a business within the State of Arkansas, and their vehicle was operated by Defendant David P. Springs.

4. That at all relevant times herein, Defendant David P. Springs was working under his scope and duty of employment with Defendant Prabhjot Kaur d/b/a Crown Express.

5. That Defendant Prabhjot Kaur d/b/a Crown Express is responsible for the negligent actions of its employee David P. Springs under the theory of *respondeat superior*.



EXHIBIT A

RECEIVED 10 2015

6. That at all relevant times herein, the Defendant William D. Cromer Jr. d/b/a Jackson Pipe and Steel was operating a business within the State of Arkansas, and their vehicle was operated by Defendant Dennis W. Owens.

7. That at all relevant times herein, Defendant Dennis W. Owens was working under his scope and duty of employment with Defendant William D. Cromer Jr. d/b/a Jackson Pipe and Steel.

8. That Defendant William D. Cromer Jr. d/b/a Jackson Pipe and Steel is responsible for the negligent actions of its employee Dennis W. Owens under the theory of *respondeat superior*.

9. That the Defendant Prabhjot Kaur d/b/a Crown Express, through its agent and/or employee David P. Springs, operated their vehicle in a negligent manner in that they:

   a. Failed to keep a proper lookout;

   b. Failed to keep their vehicle under control and was deemed to be at fault by the responding officers;

   c. Generally failed to act as a reasonably careful and prudent person would have acted under the circumstances and failed to appreciate the great risk of harm his actions would probably have upon the property and persons of the Plaintiff;

   d. Operated their vehicle in a reckless and careless manner;

   e. Committed other unspecified acts of negligence to be set forth upon completion of discovery.

10. That the Defendant William D. Cromer Jr. d/b/a Jackson Pipe and Steel, through its agent and/or employee Dennis W. Owens, operated their vehicle in a negligent manner in that they:

    a. Failed to keep a proper lookout;

    b. Failed to keep their vehicle under control and was deemed to be at fault by the responding officers;

    c. Generally failed to act as a reasonably careful and prudent person would have acted under the circumstances and failed to appreciate the great risk of harm his actions would probably have upon the property and persons of the Plaintiff;

    d. Operated their vehicle in a reckless and careless manner;

    e. Committed other unspecified acts of negligence to be set forth upon completion of discovery.

11. Plaintiff pleads that, in the alternative, if Defendant David P. Springs was not acting under his scope and duty of employment, then he was negligent in causing a collision between the vehicle he was driving and Plaintiff's vehicle.

12. Plaintiff pleads that, in the alternative, if Defendant Dennis W. Owens was not acting under his scope and duty of employment, then he was negligent in causing a collision between the vehicle he was driving and Plaintiff's vehicle.

13. That as a direct and proximate consequence of the negligent acts of the Defendants, the Plaintiff has sustained serious injuries, has endured pain and suffering in the past and will experience pain and suffering in the future; has undergone medical care and treatment and will certainly continue to undergo medical care and treatment in the future as a result of her injuries; has incurred medical expenses in the past and will certainly continue incurring medical expenses in the future; all to her detriment, any and all other damages to which Plaintiff is entitled to under the law, in an amount to be determined by a jury.

WHEREFORE, the Plaintiff prays that she be entitled to compensatory damages against the Defendants in an amount to be determined by a jury, and that she be entitled to the costs of pursuing this action, and for all other just, proper and legal relief to which this Court deems fit.

**PLAINTIFF DEMANDS TRIAL BY JURY. ATTORNEY LIEN CLAIMED.**

PHIL VOTAW & ASSOCIATES

*(signature)*

Phil Votaw, ABA #2000163
9 North 9th Street
Fort Smith, AR 72901
479.434.6200 *Telephone*
479.649.9700 *Fax*
phil@votawlaw.com